**Ronald E. GAGNON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3140.

United States Court of Appeals, Federal Circuit.

Nov. 14, 2002.

Rehearing and Rehearing En Banc Denied Dec. 27, 2002.

Before PAULINE NEWMAN, LOURIE, and PROST, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Ronald E. Gagnon petitions for judicial review of the decision of the Merit Sys-

tems Protection Board, *Gagnon v. Office of Personnel Management*, Docket No. SF0831010507–I–1 (Dec. 11, 2001), affirming the Office of Personnel Management's denial of his claim to change and/or revoke his survivor election, thereby limiting his election of survivor annuity benefits for his current spouse to five percent. The decision is *affirmed*.

## BACKGROUND

Mr. Gagnon, divorced on October 30, 1989, retired from service in the Bureau of Alcohol, Tobacco & Firearms on October 1, 1994, under the Civil Service Retirement System. He filed an "Application For Immediate Retirement" Standard Form 2801 on August 16, 1994. Therein Mr. Gagnon selected the option of a "reduced annuity to provide a former spouse or combination current/former spouse survivor annuity," and on Standard Form 2801–3 he elected to provide a survivor annuity for his ex-wife, Anne Marie Gagnon, of fifty percent of his annuity, of a maximum fifty-five percent. According to the record, Mr. Gagnon's first regular annuity check was dated May 1, 1995.

Mr. Gagnon remarried on February 25, 2000. By letter dated March 25, 2000, he asked to "change [his] survivor benefits election" to provide for his new wife, while still providing for his former wife "the minimum [percentage] available." OPM denied the request, but permitted Mr. Gagnon to elect to provide, for his current spouse, the five percent of his annuity that remained uncommitted. The MSPB affirmed OPM's decision; this appeal followed.

## DISCUSSION

Under 5 U.S.C. § 7703(c), this court determines whether the Board's decision was 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence.

Mr. Gagnon states that when he voluntarily made the election in favor of his former wife, it was not out of legal obligation, but in order to provide health insurance for his former wife of nineteen years and to assure education for their two daughters, both of whom were in school at the time. He asserts that he was the sole provider of his children's education. Mr. Gagnon states that he should not continue to be bound by that election because "[t]here was no admonition with regard to survivor benefits being unchangeable on the [face of] Form 2801–3," and that he relied on this form. He contends that the lack of a sufficient warning as to the permanency of this election requires a waiver of the 30–day statutory period to change or revoke his election, in the interest of fairness to his current wife. He argues that a voluntary election should be flexible to future changes in circumstance, such as re-marriage and the obligation to provide for a new spouse. He asserts that to hold otherwise would be unfair, and that the freedom of choice to decide how to allocate one's reduction in annuity benefits should not be taken away from one who voluntarily elected such reduction.

The instructions accompanying the retirement application form state: "[C]onsider your election carefully. No change will be permitted after your annuity is granted except as explained in the instructions." This court has stated, with respect to notice of the statutory permanency of such elections, that "[a]bsent a specific Congressional directive, [the Agency] need do no more." *Belanger v. Office of Personnel*

*Management,* 1 F.3d 1223, 1230 (Fed.Cir. 1993) (internal citation omitted). In this case, as in *Belanger,* "[t]he right to change an initial election is thus limited by statute and regulation." 1 F.3d at 1229. The administrative judge cited 5 C.F.R. §§ 842.608, .610(a) which, like 5 C.F.R. §§ 831.621, .622(a), provide that an employee may not revoke or change the election or name another survivor later than 30 days after the date of the first annuity payment. It is undisputed that Mr. Gagnon's right to change his initial election had expired. Although Mr. Gagnon's equitable arguments may have merit, when the statute is clear, the agency does not err when it declines to depart from the statute.

The Board's decision, denying Mr. Gagnon's request to change his initial survivor election and to provide survivor benefits beyond the available five percent for his current spouse, is affirmed.

No costs.